## PATTERSON v. SECURITY NATIONAL BANK, Admr., et al.

No. 18478. Opinion Filed Sept. 11, 1928.

Rehearing Denied Oct. 30, 1928.

Porter H. Morgan, for plaintiff in error.

Wilson & Wilson, for defendant in error, Pruiett.

MASON, V. C. J. This action was originally instituted by the Security National Bank of Oklahoma City, as administrator of the estate of E. E. Hood, deceased, against the plaintiff in error, Orban C. Patterson, and the defendants in error, Moman Pruiett et al.

The action was brought for the determination and foreclosure of attorney's liens and fees, due to the various parties, including the estate of the deceased, E. E. Hood, for services rendered one Annabelle Edwards, both in a civil action wherein she was plaintiff, and in a criminal action wherein she was defendant.

The contract for attorneys' fees in the civil case was made in writing and was made with the law firm of Pruiett, Sniggs, Patterson & Morris, of Oklahoma City, and Williams & Luttrell, of Norman, and provided for one-fourth, or 25 per cent., of the amount of the net recovery to be paid to said attorneys. In this action, the plaintiff recovered a judgment for approximately $29,000, which was later affirmed by the Supreme Court on appeal.

The fee for services in the criminal case was evidenced by a note signed by Annabelle Edwards and made payable to Moman Pruiett. It is conceded that this note, although made out to Pruiett, originally belonged to the firm of Pruiett, Sniggs, Patterson & Morris. The payment of the note was subsequently secured by an assignment executed by Annabelle Edwards pro tanto of the judgment she recovered in the civil action. A portion of said fees was subsequently assigned to various persons, including E. E. Hood, an attorney who participated and assisted in the civil action.

On December 9, 1926, a final judgment and decree were entered by the district court fixing the rights of the said Security National Bank, as administrator of the estate of E. E. Hood, and all the other defendants giving and awarding unto them liens for

the respective amounts due them as attorneys in the civil action, and enforcing the assignments made by Annabelle Edwards to secure Moman Pruiett and his associates for their fee in the criminal case which was evidenced by the note for $5,000. By this judgment, the various claims and demands, secured by assignments and otherwise, of the various attorneys were fully determined and adjudicated with the exception of the claim and demand of the plaintiff in error, Orban C. Patterson, who had filed answer and cross-petition. By said cross-petition, he alleged that at the time said contracts were entered into and the services performed thereunder, he was one of the partners of the law firm composed of Moman Pruiett, Victor Sniggs, Lewis R. Morris, and himself under the firm name of Pruiett, Sniggs, Patterson & Morris; that under the partnership agreement he was to receive 20 per cent. of all fees collected in both civil and criminal cases by said law firm; that said firm performed the services as provided for in the above-mentioned contracts; that said firm of Pruiett, Sniggs, Patterson & Morris was entitled to one-half of the total fee in the civil case, which was 25 per cent. of the total amount recovered; that the cross-petitioner, Patterson, was entitled to one-fifth, or 20 per cent. thereof, or one-fortieth of the entire amount of recovery; that he was entitled to 20 per cent. of the $5,000 fee in the criminal case.

To this cross-petition, the defendant in error Moman Pruiett filed reply consisting of a general denial and allegations that said firm of Pruiett, Sniggs, Patterson & Morris had been dissolved and complete settlement had between the parties, by the terms of which Pruiett, as a part of the agreement, was to take and receive the claims and demands of said former partnership against Annabelle Edwards in both the civil and the criminal cases; that said dissolution by which he was to own and take the claims against Annabelle Edwards was oral, but was carried out and immediately acted upon by the parties and that the said Orban C. Patterson had released and relinquished, on his part, all claim and demand or interest in said fees.

Upon these issues, the cause was tried to the court, a jury being waived by the parties, and judgment was rendered for the defendant Pruiett, and against the cross-petitioner, Patterson, from which he appeals.

For reversal, it is contended that there was no consent by Patterson to the alleged contract of assignment from Patterson to Pruiett of said fees and that the same was without consideration and, therefore, said contract is not valid, and the trial court erred in rendering judgment against the plaintiff in error.

The defendant Pruiett testified that the plaintiff in error, Patterson, had collected large sums in fees due the partnership which he retained and failed to deliver to the firm; that thereafter, Pruiett called a meeting of the firm in which all the members participated, and wherein it was agreed that the partnership would be dissolved and, among other things, it was agreed that Pruiett should retain and have all fees for representing Annabelle Edwards in both the civil and criminal cases, in lieu of fees which other members of the firm had collected but had not accounted for to the firm. Other witnesses testified that Patterson had told them that he had relinquished and assigned his interest in the Annabelle Edwards fees to Mr. Pruiett. Although this evidence was denied by the plaintiff in error, Patterson, yet it was a disputed question of fact whether or not he had consented to said dissolution agreement and as to whether or not there was any consideration for the assignment of his interest in said fees, and the judgment of the trial court being supported by competent evidence, the same will not, under the well-established rule of this court, be disturbed on appeal.

The judgment is, therefore, affirmed.

HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.